UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RUSSELL TAYLOR,** | Case No.  15-cv-05462-YGR |
| Plaintiff, | |
| v. | **NOTICE OF TENTATIVE RULING RE: MOTION TO REMAND** |
| **INTERSTATE GROUP, LLC,** | Re: Dkt. No. 10 |
| Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING FOR THE HEARING SCHEDULED ON **FEBRUARY 2, 2016, AT 2:00 P.M.:**

The Court has reviewed the parties' papers, and is tentatively inclined to grant the Motion to Remand.  Plaintiffs contend, and the Court is inclined to agree, that Defendants have not shown that the amount in controversy exceeds $75,000, as is required for diversity jurisdiction purposes. 28 U.S.C. § 1332(a)(1).  The Court tentatively finds that it need only address the amount in controversy with respect to PAGA civil penalties, Labor Code section 558 civil penalties, and attorney's fees to resolve Plaintiff's motion.  The Court therefore assumes for purposes of this tentative ruling only the validity of Defendant's estimates with respect to Plaintiff's other claims for unpaid meal and rest periods, unpaid overtime, unpaid vacation wages, wage statement penalties, and waiting time penalties.

Adopting Defendant's estimates with respect to unpaid meal and rest periods, unpaid overtime, unpaid vacation wages, wage statement penalties, and waiting time penalties, this places the amount in controversy at $46,877.48 as follows:

United States District Court
Northern District of California

| Claim | Amount in Controversy |
|---|---|
| *Meal and Rest Period* | $22,816.37 |
| *Overtime* | $15,310.52 |
| *Vacation* | $701.79 |
| *Wage Statement* | $4,000 |
| *Waiting Penalties* | $4,048.80 |
| **TOTAL** | $46,877.48 |
| **AMOUNT NEEDED TO EXCEED $75,000** | $28,122.53 |

First, with respect to PAGA civil penalties, the Court tentatively finds that at most five pay periods are at issue for the following reasons:

PAGA's one-year statute of limitation began tolling on August 31, 2015, when Plaintiff provided notice to the Labor and Work Force Development Agency ("LWDA"). Therefore, based on the complaint and Defendant's declaration, PAGA penalties may only go back to August 31, 2014, *i.e.* one year prior to notice on LWDA. Further, Plaintiff cannot recover penalties past November 2014, the date of his termination. *See Moreno v. Autozone, Inc.*, 2007 WL 1650942, at *4 (N.D. Cal. June 5, 2007) (finding the "passage of approximately 20 months between the accrual of [plaintiff's claim] and her first pursuit of administrative remedies" was "fatal to the [PAGA] claim under the one-year limitations period"). Whereas Defendant assumes that Plaintiff may seek a year's worth of PAGA penalties—26 pay periods—it appears that at most five pay periods can conceivably be in dispute. The Court tentatively finds no support for Defendant's argument that the Court should ignore the statute of limitations, tolling, and Plaintiff's dates of employment. Accordingly, the tentative calculation for PAGA penalties for only the five pay periods Plaintiff actually worked between August 31, 2014 and November 2014 totals $4,500.[1]

---

[1] PAGA provides for a civil penalty of $100 for any initial violation, and $200 for each subsequent violation per pay period. Cal. Labor Code § 2699(f)(2). Thus, the calculation for this tentative ruling is as follows: 1 pay period x 5 violations x $100 for the initial violation ($500), plus 4 pay periods x 5 violations x $200 for subsequent violations ($4,000).

2

1    With respect to Labor Code section 558 civil penalties, the Court likewise tentatively finds

2    that only five pay periods are arguably in controversy here.  *See Yadira v. Fernandez*, 2011 WL

3    4101266, at *2-3 (C.D.Cal. Sept. 8, 2011) (Section 558 penalties subject to one-year statute of

4    limitations).  Accordingly, the Court tentatively finds that the Section 558 penalties in controversy

5    total $2,250.[2]

6        Absent attorney's fees, the amount in controversy appears to be $53,627.48.  Thus, to

7    avoid remand, Defendant must establish attorney's fees of at least $21,372.53 can also be

8    considered in controversy.  The Court tentatively finds that Defendant has not met its burden.

9    Defendant's reliance on *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *4 (N.D.Cal.

10   Apr. 15, 2010), and *Cagle v. C&S Wholesale Grocers*, 2014 WL 651923, at *11 (E.D.Cal. Feb.

11   19, 2014), for estimates of $47,500 and $30,000, respectively, is misplaced.  In those cases, the

12   district courts did not prorate fees.  The amount in controversy in PAGA putative class actions

13   should only include the Plaintiff's attorney's fees pro-rated amongst putative class members.  *See*

14   *Patel v. Nike*, 58 F.Supp.3d 1032, 1049 (N.D.Cal. 2014) ("When the rule is that claims are not

15   aggregated…as it is now for PAGA actions under *Urbino*…it would seriously undermine the

16   [anti-aggregation] rule to allow attorney's fees to be allocated solely to a named plaintiff in

17   determining the amount in controversy") (internal quotations omitted); *Mitchell v. Grubhub Inc.*,

18   2015 WL 5096420, at *7 (C.D.Cal. Aug. 28, 2015) ("several district courts in this Circuit have

19   determined that the amount in controversy in PAGA actions should only include a plaintiff's pro-

20   rated attorneys' fees"); *Perez v. WinnCompanies, Inc.*, 2014 WL 5823064, at *9 (E.D.Cal. Nov.

21   10, 2014) ("in a putative class action, attributing attorneys' fees solely to a named plaintiff for

22   purposes of determining the amount in controversy would be improper, because the plaintiff

23   would not ultimately be entitled to the entirety of that award upon a favorable disposition of the

24   case").

25

26   [2] Section 558 provides for a civil penalty of $50 for any initial violation, and $100 for each

27   subsequent violation per pay period.  Cal. Labor Code § 558(a)(1).  The calculation for purposes
     of this tentative ruling is as follows: 1 pay period x 5 violations x $50 for the initial violation

28   ($250), plus 4 pay periods x 5 violations x $100 for subsequent violations ($2,000).

United States District Court
Northern District of California

United States District Court
Northern District of California

Thus, in lieu of another suitable estimate for attorney's fees, the Court tentatively uses Defendant's conservative estimate of $8,977.50.  The resulting sum of **$62,604.98** tentatively demonstrates Defendant has not exceeded the amount in controversy threshold to establish diversity jurisdiction.  In fact, even doubling that estimate would be insufficient.

| Claim | Amount in Controversy |
|---|---|
| *Meal and Rest Period* | $22,816.37 |
| *Overtime* | $15,310.52 |
| *Vacation* | $701.79 |
| *Wage Statement* | $4,000 |
| *Waiting Penalties* | $4,048.80 |
| *PAGA Civil Penalties* | $4,500 |
| *Section 558 Civil Penalties* | $2,250 |
| *Attorney's Fees* | $8,977.50 |
| **TOTAL** | $62,604.98 |

No later than **2:00 p.m. on Monday, February 1, 2016**, either party may file a request for oral argument.  If either files such a request, the parties should be prepared to address the issues as stated in the tentative ruling at the hearing.  If no request is received, the matter will be taken off calendar and a full order shall issue.

It Is So Ordered.

Dated: January 28, 2016

Yvonne Gonzalez Rogers
UNITED STATES DISTRICT COURT JUDGE

4